FILED - 3/22/2021 3:21 PM
2021-DCL-01701 / 51697140
LAURA PEREZ-REYES
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO.: 2021-DCL-01701

| | | |
|---|---|---|
| ELIDETT TORRES MOLINA | § | IN THE _____ JUDICIAL DISTRICT |
| | § | Cameron County - 103rd District Court |
| | § | |
| VS. | § | COURT OF |
| | § | |
| | § | |
| SAM'S EAST INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ELIDETT TORRES MOLINA, hereinafter referred to as Plaintiff, and files this, her Original Petition against SAM'S EAST INC., hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $250,000.00, but less than $1,000,000.00, as compensation for her damages.

### PARTIES

3. Plaintiff Elidett Torres Molina is an individual who resides in Brownsville, Cameron County, Texas.

4. Defendant Sam's East Inc. is a duly licensed corporation in Texas that may be served with process by serving its registered agent, C. T. Corporation System, at 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136.

### VENUE AND JURISDICTION

5. The incident described hereinbelow or events giving rise to Plaintiff's claim against


EXHIBIT
A

Defendant arose in Brownsville, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

6. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

FACTS

7. On December 4, 2020, at approximately 3:10 p.m., Plaintiff was shopping at Defendant's Sam's store located on West Alton Gloor Boulevard in Brownsville, Cameron County, Texas. As Plaintiff was walking in an aisle or walkway in the electronics department, she tripped, fell down, and suffered injuries and damages. Defendant placed a wooden pallet on the floor in or near the aisle. A few boxes containing televisions were stocked on the pallet. The surface of the pallet (deck boards) near the edges of the pallet were not stocked with boxes. The pallet caused Plaintiff to trip, fall, and suffer injuries and damages. Defendant should have stocked the boxes on a shelf or rack in the electronics department, but failed to do so. Defendant knew that the pallet posed a tripping hazard and dangerous condition to Plaintiff. Other customers of Defendant had tripped and fallen as a result of Defendant placing pallets on the floors of its stores. These customers, like Plaintiff, filed personal injury claims and lawsuits against Defendant seeking compensation for their resulting injuries and damages. Defendant nevertheless placed the pallet on the floor in the electronics department, creating a dangerous condition, and allowed Plaintiff to trip on the pallet, fall, and suffer injuries and damages. Knowledge of the dangerous condition that caused Plaintiff to trip, fall, and suffer injuries and damages is imputed on Defendant under Texas Premises Liability Law.

CAUSE OF ACTION BASED ON
PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8. At all time that is material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident

2

described hereinabove occurred, C. A condition on the premises, the pallet positioned on the floor in the electronics department, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendant knew or reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in an amount that more than $250,000.00, but less than $1,000,000.00, as compensation for her damages.

VICARIOUS LIABILITY

10. At all time that is material to the incident described hereinabove and this case, Defendant's employees acted within the course, scope, and authority of their employment and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for

3

postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

<u>REQUEST FOR JURY AND JURY FEE</u>

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she have judgment against Defendant for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg Avenue
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

4