FILED - 4/5/2021 4:08 PM
2021-DCL-01701 / 52137251
LAURA PEREZ-REYES
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk

NO.: 2021-DCL-01701

| | | |
|---|---|---|
| ELIDETT TORRES MOLINA | § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, TEXAS |
| SAM'S EAST, INC. | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT SAM'S EAST, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **SAM'S EAST, INC.**, Defendant in the above-entitled and numbered cause, and files its Original Answer and Affirmative Defenses to Plaintiff's Original Petition and Requests for Disclosure and in support thereof, would show the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant **SAM'S EAST, INC.**, avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's currently pending Petition, and state that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

2. For further answer herein, if such be necessary, Defendant alleges that the acts of Plaintiff **ELIDETT TORRES MOLINA**, in failing to supervise, and in failing to provide ordinary care for her safety, was fifty-one (51%) percent of the cause of the alleged injuries, if any, or, in the alternative, that she was the sole cause.



3. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff, in that she failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

4. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that in accordance with Texas Civil Practice and Remedies Code §33.013, a Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of that Defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%). Accordingly, Defendant specifically denies any claims for the imposition of joint and several liability against it.

5. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that its case is governed by the 1995 Tort Reform Amendments and 2003's HB4. As a consequence:

    a. Plaintiff may not recover any amount of damages if her percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. Tex. Civ. Prac. & Rem. Code §33.001.

    b. Plaintiff may not be awarded exemplary damages unless she establishes by clear and convincing evidence that Defendant acted with malice, which Defendant denies. *See* Tex. Civ. Prac. & Rem. Code §41.012 and with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant denies.

c. In the unlikely event of any exemplary damage award, Defendant further invokes the provisions of Texas Civil Practice & Remedies Code §41.008 limiting any award of exemplary damages to either $200,000.00 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found, by the jury, but not to exceed $750,000.00.

6. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff were damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

7. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

8. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

9. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

10. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the jury finds that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

11. For further answer, if such be necessary, and pleading in the alternative, Defendant asserts that Plaintiff may have had pre-existing injuries and/or conditions to Plaintiff's body, and if Plaintiff were injured as a result of the alleged incident, such injury is due, in whole or in part, to these pre-existing injuries or conditions.

12. For further answer, if such be necessary, and pleading in the alternative, Defendant would show that Plaintiff's alleged injuries and damages are the result of subsequent injuries or conditions which were a proximate cause, or producing cause, or the sole producing cause of Plaintiff's injuries and/or damages and not the result of any negligence on the part of this Defendant.

13. For further answer, if such be necessary, and pleading in the alternative, Defendant asserts that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff. Accordingly, Defendant asserts all rights, privileges, and remedies afforded or available to it pursuant to §41.0105 of the Texas Civil Practices and Remedies Code.

14. For further answer, if such be necessary, and pleading in the alternative, Defendant further relies upon its right in the event the evidence shows any spoliation of evidence by committed by Plaintiff.

15. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

16. For further answer, if such be necessary, and pleading in the alternative, Defendant further asserts all rights, privileges, and remedies afforded or available pursuant to Chapter 33 of the Texas Civil Practices & Remedies Code.

17. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies it is liable for prejudgment interest in this cause of action as pled by Plaintiff, in a good faith argument for the modification or reversal of existing law.

### III.
### NOTICE PURSUANT TO RULE 193.7 TEX. R. CIV. P.

18. Notice is hereby given to all parties herein that Defendant intends to use all documents produced by each party in pretrial and/or trial of this cause, to the extent allowed pursuant to the Texas Rules of Civil Procedure.

### IV.
### REQUESTS FOR DISCLOSURE

19. Defendant, **WAL-MART STORES TEXAS, L.L.C.,** requests pursuant to Rule 194 that Plaintiff disclose within thirty (30) days of filing of service of this request, the information or material described in Rule 194.2 a-l of the Texas Rules of Civil Procedure.

### V.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant **SAM'S EAST, INC.,** prays that Plaintiff take nothing by this lawsuit. Defendant **SAM'S EAST, INC.,** respectfully prays the Court order that it be allowed to go hence without delay and recover all of its costs and attorney's fees, and such other and further relief, both special and general, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**DAW & RAY, L.L.P.**

*/s/ Jaime A. Drabek*
**JAIME A. DRABEK,**
State Bar No. 06102410
3900 N. 10th St, Suite 950
McAllen, Texas 78501
Telephone: (956) 687-3121
Facsimile: (956) 686-3188
Email: jdrabek@dawray.com

**ATTORNEYS FOR DEFENDANT
SAM'S EAST, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via e-filing Notification of Service on all known counsel of record on **April 5, 2021**, to-wit:

Michael J. Cisneros
**THE CISNEROS LAW FIRM, L.L.P.**
312 Lindberg Avenue
McAllen, Texas, 78501
Email: email@cisneroslawfirm.com

**ATTORNEY FOR PLAINTIFF
ELIDETT TORRES MOLINA**

*/s/ Jaime A. Drabek*
Jaime A. Drabek

6