United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIDETT TORRES MOLINA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-62 |
| | § | |
| SAM'S EAST, INC., | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 22, 2021, Plaintiff Elidett Torres Molina filed a personal injury lawsuit against Sam's East, Inc., in the 103rd District Court in Cameron County, Texas. Dkt. No. 1-1. On April 28, 2021, Sam's East timely removed the case to this Court. Dkt. No. 1. On November 24, 2021, Michael Cisneros, counsel for the Plaintiff, filed a motion to withdraw, citing irreconcilable differences and breakdowns in communication. Dkt. No. 14.

On December 16, 2021, the Court held a hearing on this matter. Cisneros notified the Plaintiff of the hearing via email, a process server, and certified mail, return receipt requested. Dkt. No. 18, pp. 11-13. Despite the fact that the hearing started almost a half hour late, the Plaintiff was not seen and did not appear for the hearing. At the hearing, the Court heard testimony from Anna Solis, who is Cisneros's legal assistant, regarding the breakdown in the relationship between Cisneros and the Plaintiff. Solis also testified that the Plaintiff twice refused to cooperate with depositions that Sam's East attempted to schedule.

During the hearing, counsel for Sam's East moved to have the case dismissed for want of prosecution. Dkt. No. 22, p. 12.

On December 17, 2021, the Court granted the Cisneros's motion to withdraw. Dkt. No. 19. The Court informed the Plaintiff, in that order, that Sam's East had moved to dismiss the case for want of prosecution and that the failure to cooperate with the depositions was a valid basis for dismissal. Id. (citing Hunting v. BASF Corp., 398 F. App'x

61, 63 (5th Cir. 2010)).  The Court ordered the Plaintiff to do one of the following: "(1) have a licensed attorney file a notice of appearance on her behalf; or (2) file a statement with the Court indicating that she intends to proceed pro se and that she will cooperate with all Court orders and participate in properly noticed depositions." Id.  The Plaintiff was given until January 21, 2022, to either have an attorney appear or inform the Court that she intends to proceed pro se. Id.  The Plaintiff was warned that a failure to respond would result in the Court recommending that the case be dismissed without prejudice for want of prosecution. Id.

A copy of the order was sent to Torres Molina via certified mail, return receipt requested. Dkt. No. 21.  The certified mail receipt was signed by "E. Torres" on December 22, 2021. Id.

Torres Molina has not filed a response to the Court's order.

# I. Applicable Law

## A. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).  Generally, such dismissals are without prejudice; however, if further litigation would be time-barred, then the Court must treat the dismissal as one with prejudice and determine whether such a "severe" sanction is warranted. Campbell v. Wilkinson, 988 F.3d 798, 801 n 1 (5th Cir. 2021).

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## II. Analysis

Torres Molina's failure to respond to the Court's court order instructing her to either have an attorney appear on her behalf or inform the Court that she intends to proceed <u>pro se</u> warrants dismissal of his claims without prejudice. <u>Caton v. Dretke</u>, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008). Furthermore, her unwillingness to cooperate with depositions also warrants dismissal of her complaint without prejudice. <u>Hunting</u>, 398 F. App'x at 63.

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." <u>Burden v. Yates</u>, 644 F.2d 503, 505 (5th Cir. 1981) (quoting <u>Boazman v. Economics Laboratory, Inc.</u>, 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. <u>Collins v. Stalder</u>, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing <u>Boazman</u>, 537 F.2d at 212-13).

The original complaint alleges that the injuries occurred on December 4, 2020. Dkt. No. 1-1, p. 2. Texas has a two-year statute of limitations on personal injury claims. <u>Winfrey v. Rogers</u>, 901 F.3d 483, 492 (5th Cir. 2018). Thus, the statute of limitations for this claim will not expire before December 4, 2022. As such, dismissal without prejudice will not prevent the Plaintiff from refiling her claims.

## III. Recommendation

The Court recommends that the complaint filed by Elidett Torres Molina, Dkt. No. 1-1, be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on January 25, 2022.

Ronald G. Morgan
United States Magistrate Judge